Finley v Finley (2024 NY Slip Op 06027)

Finley v Finley

2024 NY Slip Op 06027

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2021-05908
 (Index No. 32098/20)

[*1]Holly Finley, respondent, 
v
Richard Finley, appellant.

Anthony L. Finley, Brooklyn, NY, for appellant.
Johnson & Cohen, LLP, Pearl River, NY (Eric M. Holzer of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated December 2, 2021. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated July 15, 2021, (1) directed that the funds in the parties' Synchrony High Yield savings account be distributed equally between them; and (2) awarded the plaintiff counsel fees in the sum of $20,000.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant were married in 2015. Prior to the marriage, the defendant opened a Synchrony High Yield savings account (hereinafter the Synchrony account), titled in both parties' names. Subsequent to the opening of that account but prior to the marriage, the parties entered into a prenuptial agreement. The prenuptial agreement included four schedules listing the parties' separate property. The Synchrony account was not listed in the prenuptial agreement as separate property.
In 2020, the plaintiff commenced this action for a divorce and ancillary relief. The parties entered into a stipulation of settlement resolving all issues except for the distribution of the funds in the Synchrony account and the plaintiff's claim for counsel fees, both of which were to be determined by the Supreme Court upon written submissions. The court thereafter issued a judgment of divorce dated December 2, 2021, upon a decision dated July 15, 2021, inter alia, directing that the funds in the Synchrony account be distributed equally between the parties and awarding the plaintiff counsel fees in the sum of $20,000. The defendant appeals.
"As with all contracts, prenuptial agreements are construed in accord with the parties' intent, which is generally gleaned from what is expressed in their writing" (Van Kipnis v Van Kipnis, 11 NY3d 573, 577). A written prenuptial agreement "'that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms'" (id., quoting Greenfield v Philles Records, 98 NY2d 562, 569), and "[e]xtrinsic evidence of the parties' intent may not be considered unless a court first finds that the agreement is ambiguous" (id.). Here, applying the clear and unambiguous terms of the prenuptial agreement, the Supreme Court properly determined that the funds in the Synchrony account were not the defendant's separate property and correctly divided the funds equally between the parties.
"An award of counsel fees is a matter within the sound discretion of the trial court, taking into consideration the equities and circumstances of the particular case, including the parties' respective financial conditions and the relative merit of their positions" (Habib v Habib, 227 AD3d 874, 877; see Domestic Relations Law § 237[a]). Here, considering the equities and circumstances of this case, including the parties' respective financial conditions and the relative merit of their positions, the Supreme Court providently exercised its discretion in awarding the plaintiff counsel fees in the sum of $20,000.
IANNACCI, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court